UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:11-cr-188-SEB-DML-1 |
| ) | |
| BRANDON SPEARS, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

1.      On September 25, 2013, the Court conducted a hearing on the Petition for Summons or Warrant for Offender Under Supervision.  The government appeared by Gayle L. Helart, Assistant United States Attorney.  The defendant appeared in person with his Court appointed counsel, Joseph M. Cleary, Office of the Indiana Federal Community Defender.  U.S. Probation appeared by Jason Phillips, U.S. Probation Officer, and participated in the proceedings.

2.      A copy of the Petition for Revocation of Supervised Release was provided to Spears and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3.      Spears was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.      Spears then waived, in writing, the preliminary hearing and was held to answer.

1

**The parties stipulated the following in open Court:**

(1) Spears and the government agreed they were ready to proceed to disposition on the pending Petition to revoke Spears' supervised release in open Court on this date.

(2) Spears admitted that he committed the violations of specifications set forth in the Petition to Revoke Supervised Release, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 2 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 3 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
| | As previously reported to the Court, the offender submitted urine samples which tested positive for amphetamines on January 10, and 11, 2013. He admitted using methamphetamine. |
| | On August 8, 19, and 22, 2013, the offender submitted urine samples which tested positive for amphetamines. He admitted using methamphetamine. |
| 4 | *"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."* |
| | As previously reported to the Court, in January 2013, the offender reported to the Volunteers of America (VOA) for a random urine test. While attempting to provide a sample, he was caught with a bottle of urine in his possession. Mr. Spears admitted he purchased some synthetic urine and attempted to pour it into the urine bottle provided to him by VOA staff. Upon further questioning by the probation officer, it was learned the offender had been using methamphetamine for approximately two months and successfully substituted synthetic urine during that time to defeat the testing program. |
| | On June 24, 2013, the offender failed to report for a random urine test. |

Spears has a relevant criminal history category of I. See U.S.S.G. §7B1.4(a).

5. The most serious grade of violation committed by Spears constitutes a Grade C violation pursuant to U.S.S.G. § 7B1.1(b).

6. Pursuant the U.S.S.G. § 7B1.4(a) upon revocation of supervised release the range of imprisonment applicable to Spears is 4-10 months.

7. Input from Probation Officer Phillips was that Spears should receive a revocation of his supervised release and be imprisoned at the Bureau of Prisons for a term of 4 months to be followed by a drug treatment facility. The defense and government agreed, and the Magistrate Judge agrees as well, that the appropriate disposition for Spears' violation of the conditions of supervised release is modification as follows:

8. The defendant should report within 24 hours and reside at the Saul to Paul Ministries addition recovery treatment center located in Ellettsville, Indiana, for the period of duration of the program of seven (7) months. While residing at the Saul to Paul center, the defendant shall participate fully in the program and complete the requirements of the program.

9. Upon successful completion of the Saul to Paul program, the defendant will continue under the conditions previously imposed at sentencing, including returning to supervision until approximately April 19, 2015.

10. The Court then placed Spears under oath and inquired directly of him whether he admitted committing violations of supervised release contained in the Petition to Revoke Supervised Release. Spears admitted the violations.

11. The Court, having heard the admission of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, NOW FINDS that the defendant, Brandon Spears, violated the above-delineated conditions of his supervised release.

The Magistrate Judge recommends that the defendant's supervised release be MODIFIED and Brandon Spears is to reside for seven (7) months at the Saul to Paul Ministries addiction recovery program located in Ellettsville, Indiana.

    12.    Counsel for the parties stipulated in open Court waiver of the following:

        1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

        2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B); Rule 72.B, Federal Rules of Civil Procedure, and S.D.Ind.L.R. 72.1(d)(2), Local Rules of the U.S. District Court for the Southern District of Indiana.

Counsel for the parties entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. § 3561 and Rule 32.1 of the Federal Rules of Criminal Procedure, and/or may reconsider the Magistrate Judge's Report and Recommendation, including making a de novo determination of any portion of the Report or specified proposed findings or recommendation, upon which he may reconsider.

    13.    WHEREFORE, the U.S. Magistrate Judge RECOMMENDS the Court adopt the above report and recommendation modifying Spears' supervised release.

    IT IS SO RECOMMENDED this 27th day of September, 2013.

                              _____
                              Tim A. Baker
                              United States Magistrate Judge
                              Southern District of Indiana

Distribution:

Gayle L. Helart
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN  46204

Joseph M. Cleary
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN  46204

U.S. Parole and Probation

U.S. Marshal's Service