UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:11-cr-00188-SEB-DML-1 |
| | ) |
| BRANDON SPEARS (01), | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

On February 11, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on January 30, 2014. Defendant Brandon Spears appeared in person with his appointed counsel, Joe Cleary. The government appeared by Gayle Helart, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jason Phillips.

The Court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Spears of his rights and provided him with a copy of the petition. Spears waived his right to a preliminary hearing.

2. After being placed under oath, Spears admitted the new violations set forth in the January 29, 2014, petition, having previously admitted additional violations that were set forth in a September 6, 2013, petition. [Docket No. 53.]

3. The allegations to which Defendant admitted, as fully set forth in the January 29, 2014, petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On January 18, 2014, the offender submitted a urine sample which tested positive for amphetamines. He denied using any illegal substance. The specimen was forwarded to Alere Toxicology Services and confirmed positive for methamphetamine.

As previously reported to the Court, the offender submitted urine samples which tested positive for amphetamines on January 10 and 11, and August 8, 19, and 22, 2013. He admitted using methamphetamine on each occasion.

| | |
|---|---|
| 4 | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."** |

The offender failed to report for random urine testing on January 14 and 16, 2014.

As previously reported to the Court, in January 2013, the offender reported to the Volunteers of America (VOA) for a random urine test. While attempting to provide a sample, he was caught with a bottle of urine in his possession. Mr. Spears admitted he purchased synthetic urine and attempted to pour it into the urine bottle provided to him by VOA staff. Upon further questioning by the probation officer, it was learned the offender had been using methamphetamine for approximately two months and successfully substituted synthetic urine during that time period to defeat the testing program. On June 24, 2013, the offender failed to report for a random urine test.

4. The parties stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Spears' criminal history category is 1.

   (c) The range of imprisonment applicable upon revocation of Spears' Supervised release, therefore, is 4-10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

5. The Government recommended a sentence of four months, plus completion of the remaining terms of Spears' supervised release. Defendant asked for no jail time. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that incarceration is appropriate. Defendant tested positive for amphetamines on January 10, 2013; January 11, 2013; August 8, 2013; August 19, 2013; August 22, 2013; and most recently on January 18, 2014. Defendant also failed to report for urine screens on multiple occasions, most recently on January 14, 2014, and January 16, 2014. Defendant has had more than enough chances to come into compliance with the terms of his supervised release.

6. The Magistrate Judge would have recommended a higher sentence within the guideline range but for the fact that the Government did not request a longer sentence, Defendant is seeking treatment for his drug additions, and Defendant apologized to his wife and family for his conduct. Taking all of this into consideration, the Magistrate Judge finds a sentence at the low end of the guidelines is appropriate, and therefore recommends a sentence of four months, after which Defendant should be required to complete the remainder of his terms of supervised release, including all previously imposed special conditions.

Accordingly, the Magistrate Judge finds the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of four months, with the remainder

of his term of supervised release to follow, including all previously imposed special conditions. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections.

Dated: 2/14/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Juval O. Scott
INDIANA FEDERAL COMMUNITY DEFENDERS
juval.scott@fd.org

Gayle Helart
UNITED STATES ATTORNEY'S OFFICE
gayle.helart@usdoj.gov